IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MIDWEST GENERATION, LLC,            )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )   No.  05 C 1017
                                     )
CARBON PROCESSING AND                )
RECLAMATION, LLC,                    )
                                     )
        Defendant.                   )
                                     )

## MEMORANDUM OPINION AND ORDER

Plaintiff Midwest Generation, LLC ("Midwest") is an independent power producer engaged in the production and sale of electricity. Midwest alleges that defendant Carbon Processing and Reclamation, LLC ("Carbon") has breached an October 2004 contract ("October contract I"), resulting in over $300,000 in damages. The October contract I provided for the sale of fuel oil from Midwest to Carbon, in four shipments or "lifts." (The contract was later modified to include five lifts.) Midwest claims that Carbon took and paid for the first three lifts, but took the fourth lift without paying for it.[1] The fourth lift, involving approximately 11,812 barrels of fuel oil, is valued by Midwest at $300,413.72.

Carbon has brought three counterclaims against Midwest. First, Carbon alleges that Midwest breached the October contract I

---

[1] The fifth lift did not occur, and Midwest was able to find another buyer for that oil.

by increasing the water content of the oil beyond the level contemplated by the parties. Second, Carbon alleges that Midwest misrepresented the water content of the oil in the fourth lift. Third, Carbon alleges that Midwest has breached a second October 2004 contract ("October contract II") to sell Carbon diesel oil. Midwest moves to dismiss all three counterclaims for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). I grant that motion in part, and deny it in part, for the reasons stated below.

On a motion to dismiss, I accept all well-pleaded allegations in the complaint as true, *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997), and draw all reasonable inferences in favor of the plaintiffs. *Strasburger v. Bd. of Educ.*, 143 F.3d 351, 359 (7th Cir. 1998). I grant the motion only if the plaintiffs can prove no set of facts to support the allegations in their claim. *Id.*

Counterclaim Count I alleges that Midwest breached the October contract I by raising the water content in the fuel oil sold to Carbon. Carbon alleges that in the pre-contract communications between the parties, Carbon informed Midwest that, in order to be acceptable, the fuel oil could have a water content no higher than 1.1 percent. Carbon further alleges that on delivery, the fuel oil in the fourth lift was found to have a water content of 7.5 percent. Midwest argues that Count I must fail, as the contract contemplates a water content greater than 1 percent. The contract

does specifically contemplate the possibility of a water content greater than 1 percent. However, the contract is silent as to whether the water content must be no more than 1.1 percent, as claimed by Carbon, or could be as high as 7.5 percent, as claimed by Midwest. Further, an analysis of the oil in the tank used for the fourth lift, referenced within the contract as representing the quality of the oil to be sold, states that the percentage of water by distillation in that tank was 1.10 percent. Accepting as true, as I must, Carbon's allegations of its negotiations with Midwest regarding this issue, I cannot say that Carbon could prove no facts to support this claim.

Midwest also moves to strike Carbon's prayer for damages, to the extent that Carbon seeks consequential and incidental damages for Midwest's alleged breach of contract. Midwest argues that a clause in the October contract I prohibits such damages. Carbon argues only that it *might* be able to prove facts rendering the clause inapplicable, with no suggestion of what those facts might be. Midwest's motion to dismiss Count I is denied, but the potential damages under that count are limited to those permitted by the relevant contractual clause.

Counterclaim Count II alleges that Midwest misrepresented the water content of the oil in the fourth lift, that Midwest knew or should have known that the water content was greater than was represented, and that the water content was material to Carbon's

3

agreement to purchase the oil. Midwest argues that Carbon has failed to plead its claim with the required specificity, pursuant to Fed. R. Civ. P. 9(b). This specificity requires a litigant to plead, at a minimum, "the who, what, where, and when of the alleged fraud." *SEC Design Tech., Inc. v. Adept Tech., Inc.*, No. 02-C-8262, 2003 WL 22050779, at *1 (N.D. Ill. Aug. 29, 2003)(Bucklo, J.) (citing *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999)). Carbon has not done so here. Count II alleges in general terms that the water content of the oil in question was misrepresented to Carbon prior to the sale and/or delivery. Carbon only alleges in general terms that Midwest, or "defendant," made these representations, but not more specifically who made them, or when, or where. This is not sufficient. *SEC*, 2003 WL 22050779, at *1. Midwest's motion to dismiss Count II is granted.

Counterclaim Count III alleges that Midwest breached the October contract II by refusing to buy a quantity of diesel oil. Carbon alleges that a contract to buy that oil was formed in an email sent from Midwest to Carbon on October 22, 2004. Midwest argues that no contract to buy diesel oil was ever formed between the parties, and that the email of October 22, 2004 merely evidenced ongoing negotiations. Midwest argues that essential terms of a contract are missing from the email, and that Midwest had no intention of forming a contract with that email. The

4

purported contract is attached to Carbon's counterclaim pleading. While the email contains a number of essential terms - price, quality of the oil, time for delivery, time for payment - a factual question remains as to whether the parties intended the document to seal the deal or merely continue negotiations. *See Cohen Dev. Co. v. JMJ Prop., Inc.*, 317 F.3d 729, 735 (7th Cir. 2003). While the email also indicates that the parties will need to complete a sales order and that "[o]ther additional details may have to be worked out," it is not clear whether those additional considerations are merely *pro forma* or if they indicate that Midwest did not yet consider itself bound. On the face of the purported contract, I cannot say that Carbon could prove no set of facts to support its claim. Midwest's motion to dismiss Count III is denied.

**ENTER ORDER:**

*[signature: Elaine E. Bucklo]*

**Elaine E. Bucklo**
United States District Judge

Dated: June 3, 2005